IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KATTY MERCADO and SHARIE SANTIAGO, Plaintiffs, v. SPEEDWAY LLC, Defendant. | : : : : : : : : : | CIVIL ACTION<br><br>Case No. 2:21-cv-1535<br><br>FILED ELECTRONICALLY ON OCTOBER 25, 2021<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Katty Mercado ("Mercado") and Sharie Santiago ("Santiago") (collectively "Plaintiffs") bring this lawsuit against Speedway LLC ("Defendant"), seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq.*

## JURISDICTION AND VENUE

1. Jurisdiction over the FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. Jurisdiction over the state law claim is proper under 28 U.S.C. § 1367.

3. Venue in this Court is proper under 28 U.S.C. § 1391.

## PARTIES

4. Plaintiffs reside in this judicial district. Specifically:

   (a) Mercado resides in Kittanning, PA (Armstrong County); and

   (b) Santiago resides in Pittsburgh, PA (Allegheny County).

5. Defendant is a corporation headquartered in Enon, OH and is an employer covered by the FLSA and the PMWA.

## **THE *DaROSA* COLLECTIVE ACTION**

6. Plaintiffs previously joined a class/collective action filed in the District of Massachusetts, styled *DaRosa v. Speedway LLC*, 1:19-cv-10791 ("the *DaRosa* action"), and alleging that Defendant violated the FLSA and the PMWA by failing to pay overtime premium compensation to current/former General Managers ("GMs") employed at Defendant's convenience stores. The FLSA claim proceeded as a "collective" action on behalf of Plaintiff and over 1,200 other GMs who "opted-in" to the collective per 29 U.S.C. § 216(b). Meanwhile, the PMWA claim proceeded on behalf of putative classes of PMWA GMs per Federal Rule of Civil Procedure 23.

7. On August 30, 2021, the *DaRosa* Court entered an opinion "decertifying" the nationwide FLSA collective and refusing to certify the PMWA claim as a Rule 23 class action. *See DaRosa v. Speedway LLC*, 2021 WL 3861164, 2021 U.S. Dist. LEXIS 163477 (D. Mass. Aug. 30, 2021). The *DaRosa* Court's August 30 opinion did not address the "merits" of the GMs' overtime rights claims. Rather, the Court reasoned that the GMs' claims turned on the consideration of "individualized" facts that prevented the claims from being resolved in a single trial.

8. When an FLSA collective action is "decertified," the individual FLSA claims of employees who "opted-in" to the collective are dismissed without prejudice to the continued pursuit of their individual claims in courts of proper jurisdiction. *See Campbell v. City of Los Angeles*, 903 F.3d 1090, 1110 (9th Cir. 2018); *Halle v. West Penn Allegheny Health System Inc.*, 842 F.3d 215, 226 (3d Cir. 2016); *Mooney v. Aramco Services Co.*, 54 F.3d 1207, 1214 (5th Cir. 1995). Likewise, where class certification is denied under Civil Rule 23, putative class members are free to pursue the underlying claims on an individual basis, and the applicable limitations

period is tolled as of the date on which such claims were initially asserted.  *See generally American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974).

9. Mindful of the above principles, Plaintiffs commence the instant lawsuit in order to continue the pursuit of unpaid overtime wages and related damages.

## FACTS

10. Defendant owns and operates convenience stores.

11. Defendant employed Plaintiffs as GMs and assigned Plaintiffs to store located in within this judicial district.  Specifically:

> (a) Speedway employed Ms. Mercado as a GM from approximately March 2019 until December 2019 and assigned her to a store located in Monroeville, PA (Allegheny County); and
>
> (b) Speedway employed Ms. Santiago as a GM from approximately May 2018 until October 2019 and assigned her to a store located in Pittsburgh, PA (Allegheny County).

12. Plaintiffs often worked in the store alone or with only one other store employee.

13. Notwithstanding the "Manager" job title, Plaintiffs spent almost all working hours performing the same types of non-managerial tasks performed by other store employees who were paid an hourly wage.  These tasks included, among other things, cleaning, waiting on customers, running the cash register, stocking shelves, and performing rudimentary inventory tasks.

14. Defendant paid Plaintiffs a salary.  Specifically:

> (a) Defendant paid Mercado a salary of approximately $792 per week.
>
> (b) Defendant paid Santiago a salary of approximately $786 per week.

15. Defendant generally schedules GMs to work at least 50 hours per week. Consistent with this policy, Plaintiffs often worked 50 or more hours per week.

16.     Defendant did not pay Plaintiffs any overtime premium compensation for hours worked over 40 per week.

17.     In failing to pay Plaintiffs any overtime premium compensation, Defendant acted willfully and with reckless disregard of clearly applicable FLSA and PMWA provisions.  For example, prior to classifying Plaintiffs as ineligible for overtime compensation, Defendant never assessed the actual circumstances of Plaintiffs' employment within their assigned stores.

## COUNT I

18.     The FLSA requires that employees receive overtime premium compensation calculated at 150% of the employee's regular pay rate for hours worked over 40 per week.  *See* 29 U.S.C. § 207(a)(1).

19.     Defendant violated the FLSA by failing to pay Plaintiffs overtime premium compensation for hours worked over 40 per week.

## COUNT II

20.     The PMWA requires that employees receive overtime premium compensation calculated at 150% of the employee's regular pay rate for hours worked over 40 per week.  *See* 43 P.S. § 333.104(c).

21.     Defendant violated the PMWA by failing to pay Plaintiffs overtime premium compensation for all hours worked over 40 per week.

## JURY DEMAND

Plaintiffs demand a jury trial.

## PRAYER FOR RELIEF

Plaintiffs seek the following relief: (a) unpaid overtime wages; (b) all available liquidated damages and penalties; (c) prejudgment interest; (d) litigation costs, expenses, and attorneys'

fees; and (e) such other and further relief as the Court deems just and proper.

| | |
|---|---|
| Date:  October 25, 2021 | /s/ Mark J. Gottesfeld<br>Peter Winebrake<br>R. Andrew Santillo<br>Mark Gottesfeld<br>Michelle L. Tolodziecki<br>Winebrake & Santillo, LLC<br>715 Twining Road, Suite 211<br>Dresher, PA 19025<br>(215) 884-2491<br>mgottesfeld@winebrakelaw.com<br><br>Harold Lichten*<br>Michelle Cassorla*<br>Anastasia Doherty*<br>Lichten & Liss-Riordan, P.C.<br>729 Boylston Street, Suite 2000<br>Boston, MA 02116<br>617-994-5800<br><br>*Pro hac vice admission anticipated* |